384 A.2d 929

## CITY OF PHILADELPHIA

v.

## Donald GLASSEY.

Supreme Court of Pennsylvania.

Argued March 10, 1978.

Decided March 15, 1978.

Sheldon L. Albert, City Sol., for petitioner.

David Kairys, Philadelphia, for respondent.

Robert Guzzardi, Philadelphia, for Neighbors of M.O.V.E.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## ORDER

PER CURIAM.

The Application for Stay and the Petition for Writ of Prohibition are dismissed. However, we note that when oral argument in this matter was presented to this Court, the Solicitor of the City of Philadelphia represented to this Court that the City of Philadelphia would have no objection if the challenged order of the Court of Common Pleas were to be construed to mean the following:

The Philadelphia Police Department is permitted to restrain any access, entry or occupation of the area bounded by the building lines from the north side of Baring Street to the south side of Powelton Avenue; and from the east side of 32nd Street to the west side of 34th Street by any individual, group or organization where such access, entry or occupation is for the purpose of aiding and abetting MOVE in resisting lawful order of the court.

ROBERTS, J., would remand.

POMEROY, J., filed a concurring opinion.

NIX, J., filed a concurring opinion.

POMEROY, Justice, concurring.

In joining today's Order in this matter, I emphasize that the order of the Court of Common Pleas of Philadelphia County dated March 8, 1978 in the above-captioned case at No. 2080 September Term, 1975 in said court, has not been appealed. Thus in my view the Order the Court now enters with respect to the petition of the would-be intervenors in that action is not to be construed as expressing any opinion as to the validity or propriety of the said order in the court below.

NIX, Justice, concurring.

I join with the action of the majority, however, I believe some clarification is necessary. Hence this concurring opinion.

At the outset it must be stressed that the single question presented to us for decision in this cause is the propriety of the trial court's order denying a motion to intervene filed on behalf of the petitioners. Our decision today, in my judgment, does not in any way reflect a view with reference to the merit or lack of merit of the respective parties' positions in the underlying lawsuit, i. e. the City of Philadelphia and the members of the M.O.V.E. organization.[1] Nor should

1. The M.O.V.E. organization is a communal cult of people residing at 309 North 33rd Street in West Philadelphia. Their beliefs and living habits are founded in what the members describe as natural law and because they are at variance with accepted lifestyles they are frequently looked upon with disfavor.

There has been a continuing controversy between M.O.V.E. and the City of Philadelphia originating with the City's action in equity alleging gross violations of the Health, Housing, Fire, Zoning and Safety Codes. This litigation, commenced by the City in September of 1975, culminated in an order on March 8, 1978 authorizing the City of Philadelphia to erect a blockade of a four square block area encompassing the subject premises for the purpose of forcing the compliance of the members of M.O.V.E. It was upon the entry of the order of March 8 in this lawsuit that the instant petitioners sought to intervene. The caption of the lawsuit between the City and the members of the M.O.V.E. organization is *City of Philadelphia v. Donald Glassey*, September Term, 1975, at No. 2080. As of this date the members of the M.O.V.E. organization have not filed an appeal from the March 8 order.

today's decision be construed as an approval of the judgment entered in the action below as it affects the parties to that action.[2]

I am also most conscious of the significant legal and troublesome social problems involved in the underlying lawsuit. However, I am equally aware that it would not be appropriate to manipulate this collateral proceeding in an effort to reach the problems which the parties in that action have not seen fit to bring to our attention. It must be remembered that the judicial system is not a panacea capable of resolving all of the societal ills. It is incumbent upon all of our institutions to join in a cooperative effort to strive to achieve a more just and equitable world.

I am aware the underlying controversy has caused sharp division among the immediate residents of the neighborhood and also among the citizens of the City of Philadelphia. I am also satisfied as to the sincerity of the beliefs embraced by the various groups who have expressed interest in this matter. I am convinced they have a genuine desire to achieve a resolution of this trying situation in a manner they consider to be just and equitable. However, the courts' duty is to maintain its objectivity and to decide the legal issues raised in a cool and reflective atmosphere adhering to well established and respected legal precedents.

The instant petitioners [3] are individuals and an unincorporated association who are property owners and/or residents in a community known as the Powelton Village of the City of Philadelphia. Upon learning, through the news media, of the order entered March 8, 1978 in the case of the *City of*

2. Since the propriety of the order of March 8 as it relates to the members of the M.O.V.E. organization is not before this Court at this time I will not express my views on its legality as to those proceedings. I do, however, note that the question of the justiciability of the subject matter of the March 8 order is not obvious.

3. Sherman Aronson, Diane Baran, Linda Blackaby, Joyce Lieberman, Theresa Patterson, Susan Whitehorne, Jayma Abdoo, Cynthia Adcock, Karen Detamore, Ann Daley, Ron Whitehorne and Powelton United Neighbors.

*Philadelphia v. Donald Glassey*, and believing that this order substantially affected their rights, the petitioners sought a stay of that order and requested the right to intervene. On the same day as the entry of the order, petitioners presented to the trial judge a motion containing their requests. This motion was dismissed without hearing or argument. Petitioners filed with this Court a Petition for Writ of Prohibition and an Application for Stay.[4]

The record reveals that the motion to intervene filed with the court below was patently not in conformance with the requirements of the Pennsylvania Rules of Civil Procedure 1024, 2328. The procedural defects alone would have justified the lower court's denial of the motion without a hearing. Further, at the time of the hearing the City contended that there would be minimal, if any, infringement upon the rights of the adjoining property owners and residents. (See the interpretation of the order as set forth in the majority opinion.) In view of these circumstances where the petitioners' claim suffers from serious procedural defects and their legal claim is far from clear, the request for a Writ of Prohibition must be denied. Furthermore, we do not view the circumstances as requiring the continuation of a stay order.

---

4. Since the action in which the petitioners sought the right to intervene arose under the city zoning code, an appeal from the ruling on the motion to intervene should be taken to the Commonwealth Court. Act of July 31, 1970 P.L. 673, No. 223, Art. IV, § 402, 17 P.S. 211.402 (Supp.1977–78). Today's result in no way affects petitioners' right to appeal, if they so desire.